IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE ALLSUP | ) | CASE NO. 3:10CV1262 |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| KENTON POLICE DEPARTMENT, et al. | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Wayne Allsup filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants are the Kenton Police Department, Hardin County Police Department, M.C.C.C. Jail, State of Ohio, Robert T. Mason, William D. Hart, Gregory W. Donahue, Gina L. Messner, Susan Leeth, Carrie Haidenschield, Robert Deckling, C.R.C. Ada Police Department and Brad Bailey. Plaintiff alleges that he can prove he is innocent of the charges against him and wants an investigation. He claims that he was framed by the police, his attorneys and the judge and requests $10,000.000.00 in damages.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The present case is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. §1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009). For this reason alone, Plaintiff's Complaint must be dismissed.

Plaintiff has not explained how the individual Defendants are involved in this case A Judge may be intended as a party. Judge William D. Hart is the Common Pleas Court Judge in Hardin, County, Ohio. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Hart acted outside the scope of his official duties. Judge Hart definitely acted within the scope of his official duties in presiding over Plaintiff's court case.

One or more Defendants may be prosecutors or assistant prosecutors. Prosecutors are

absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that a prosecutor or assistant prosecutor were acting outside of the scope of their responsibilities.

A police department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio Oct.16, 2006). It is merely a municipal agency or department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept*., 2008 WL 3896114 * 3 (E.D. Tenn. Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity). Therefore, the Kenton, Hardin and Ada Police Departments are not a proper parties to this action and must be dismissed.

The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3. Rev.Code Ann. § 2743.02(A)(1) (West 2009). The State of Ohio is immune from suit for money damages and must be dismissed as a party Defendant.

A clerk of courts is entitled to absolute immunity when performing judicial functions even

3

if acting erroneously, corruptly or in excess of jurisdiction. *Bolling v. Garrett*, 2008 WL 2610234 * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). His alleged conduct is within his official responsibilities. Thus, if a clerk of court has been included as a defendant, he or she is not a proper party to this action.

Plaintiff's attorneys, if included, are not responsible for the manner in which court proceedings are conducted. The claim that they have not been effective is not a matter for this Court.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**


Date:                                                                            JUDGE JAMES G. CARR
                                                                                 UNITED STATES DISTRICT JUDGE